UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DECARLO A. GARNER, JR., )
)
Plaintiff, )
)
v. ) No. 3:26-CV-224-KAC-DCP
)
MAGNA INTERNATIONAL, )
and EAGLE BEND MANUFACTURING, )
)
Defendants. )

**O R D E R**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court

on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1]

and the Complaint [Doc. 2]. For the reasons more fully stated below, the Court **HOLDS IN**

**ABEYANCE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs

[**Doc. 1**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen

complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's

indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C.

§ 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." To survive an initial review, a complaint "must contain sufficient

---

[1]    Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints
filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601,
608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to
screening process required by § 1915A. The district court, however, must still screen the complaint
under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## A.    Summary of the Complaint

Plaintiff states that on June 27, 2025, he was assaulted at work by Jerry Whitcomb ("Mr. Whitcomb") at Defendants' facility while he was working [Doc. 1 p. 2]. He reported the assault to human resources, but nothing was done about it [*Id.*]. According to Plaintiff, the Clinton Police were present, but Defendants "refused to have them investigate the assault" [*Id.*]. A week later, Plaintiff was terminated from his employment [*Id.*].

2

Based on the above, Plaintiff requests that a lawsuit be filed against Defendants and that Mr. Whitcomb be arrested for assault [*Id.* at 3]. In addition, he seeks a $5 million dollar settlement from Defendants [*Id.*].

**B.        Screening the Complaint**

Plaintiff states that this Court has diversity jurisdicton [Doc. 2 p. 1]. Federal courts have jurisdiction when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). A plaintiff must affirmatively allege the facts showing the existence of jurisdiction in the Complaint. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 183 (1936); Fed. R. Civ. P. 8(a)(1). Plaintiff has not alleged facts to show that diversity of citizenship exists in this case.

In addition, Plaintiff has not stated a cause of action against Defendants. He only states that Mr. Whitcomb assaulted him and that Defendants did nothing about it. His Complaint is subject to dismissal for failure to state a claim of relief. *See* Fed. R. Civ. P. 12(b)(6).

Finally, Plaintiff asks the Court to arrest Mr. Whitcomb [Doc. 2 p. 3]. Mr. Whitcomb is not a party to this case, but even if he were, the Court cannot have him arrested. *See Moon v. Farmer*, No. CV 3:19-087, 2019 WL 6879737, at *2 (E.D. Ky. Dec. 17, 2019) (stating that the court cannot grant the plaintiff's relief to press charges against defendants).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

a)  the names and titles of all [defendants if known];

b)  . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  . . . the location where each relevant event occurred;

e)  . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f)  . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020).

"Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **June 10, 2026.**

IT IS SO ORDERED.

ENTER:

Debra C. Poplin
United States Magistrate Judge

4